UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-02677-ODW (SSCx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | *Hassan Shaban Kanyike v. U.S. Department of Homeland Security et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Daniel Torrez for Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings (In Chambers):**   **ORDER DENYING TRO [3]**

Presently before the Court is Petitioner Hassan Shaban Kanyike's Ex Part Application for a Temporary Restraining Order ("TRO"). (Ex Parte Appl. ("TRO"), Dkt. No. 3.) Respondents failed to oppose the TRO.

Kanyike is a native and citizen of Uganda. (*Id.* ¶ 24.) On January 21, 2014, Kanyike was admitted into the United States as an asylee. (*Id.* ¶ 25.) On February 5, 2021, Kanyike pled guilty to wire fraud under 18 U.S.C. § 1343. (*Id.* ¶ 26.) Kanyike was sentenced to 51 months of imprisonment but served only two years. (*Id.*) Following his conviction, Immigration and Customs Enforcement ("ICE") took Kanyike into custody and placed him in removal proceedings. (*Id.* ¶ 27.) Kanyike's removal was not executed, and he was later released from ICE custody. (*Id.* ¶ 29.) ICE required Kanyike to routinely report to ICE. (*Id.*) Kanyike's next scheduled check-in with ICE is on March 16, 2026. (*Id.* ¶ 31.)

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-02677-ODW (SSCx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | *Hassan Shaban Kanyike v. U.S. Department of Homeland Security et al.* | | |

injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

The Court must first consider whether it has jurisdiction to grant the requested relief. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction."). Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Ninth Circuit made clear that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief. *See Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022).

Kanyike is not currently detained. However, he fears that Respondents might detain him on March 16, 2026. (TRO ¶¶ 31–32.) Kanyike asks the Court to enjoin Respondents from detaining him or removing him pending the resolution of his habeas corpus petition. (*Id.*, Prayer for Relief.) However, § 1252(g) prohibits this Court from reviewing Kanyike's request to enjoin the execution of his final removal order pending adjudication of the merits of his case. Regardless of how Kanyike frames his challenge, he is ultimately contesting an unreviewable discretionary decision that has no temporal restrictions. *Rauda*, 55 F.4th at 780 ("[T]he government has discretion to decide *when* to remove an alien from a place he has no legal right to remain."). The Court thus finds § 1252(g) bars Kanyike's challenge from judicial review. Accordingly, the Court lacks jurisdiction to review Kanyike's request to enjoin the execution of his final removal order.

Thus, the Court **DENIES** Kanyike's TRO **WITHOUT PREJUDICE**. (Dkt. No. 3.)

**IT IS SO ORDERED**.

                                                                         : 00

Initials of Preparer   DT